IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DEDUAN ANTHONY, TDCJ No. 2223552, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-2725-S-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Deduan Anthony filed a *pro se* application for habeas relief under 28 U.S.C. § 2254. *See* Dkt. No. 3. His habeas action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

Anthony collaterally attacks his Dallas County convictions for possession of a controlled substance and aggravated robbery. *See State v. Anthony*, Nos. F-1772043-U; F-1717052-U (291st Jud. Dist. Ct., Dallas Cnty., Tex. Sept. 10, 2018). Specifically, Anthony entered a plea of guilty to each charge and pled "true" to the enhancements. *See* Dkt. No. 14-1 at 3, 23. Pursuant to the plea agreement, Anthony was placed on deferred adjudication community supervision for a period of 10 years. *See id.* at 9, 29. The State later filed a motion to proceed with an adjudication of guilt,

1

alleging that Anthony committed two new felony offenses and four technical violations of his community supervision agreement. *See id.* at 16, 36. On September 10, 2018, the Court granted the State's motion, found the allegations "true," adjudicated Anthony guilty, and sentenced him to 25 years' imprisonment on each charge, the sentences to run concurrently. *See id.* at 18, 38.

The Court's own research, evidence presented by Respondent, and Anthony's own admissions before the state habeas court confirm that Anthony did not file a direct appeal. *See* Dkt. No. 14-1 at 43-44, 73, 98. He did file five applications for state writs of habeas corpus. The first application, challenging cause number F-1772043-U, was filed on March 4, 2019. *See id.* at 46. The Texas Court of Criminal Appeals (CCA) dismissed the application on May 22, 2019 for noncompliance with TEX. R. APP. P. 73.1. *See Ex parte Anthony*, WR-89,743-01 (Tex. Crim. App. May 22, 2019). The second application, challenging cause number F-1772043-U, and the third application, challenging cause number F-1717052-U, were both filed on April 24, 2019. *See* Dkt. No. 14-1 at 71, 96. The TCCA denied both applications without written order on findings of the trial court without a hearing on June 12, 2019. *See Ex parte Anthony*, Nos. WR-89,743-02, -03 (Tex. Crim. App. June 12, 2019). The fourth and fifth applications were filed on July 22, 2019. *See* Dkt. No. 14-1 at 121, 145. The CCA dismissed both applications on October 2, 2019, as subsequent applications barred by TEX. CODE OF CRIM.

PROC. ART. 11.07 § 4(a)-(c). *See Ex parte Anthony*, Nos. WR-89,743-04, -05 (Tex. Crim. App. Oct. 2, 2019).

Anthony filed the instant federal habeas petition on November 15, 2019. *See* Dkt. No. 3. The State filed a response on June 5, 2020. *See* Dkt. No. 14. Anthony did not file a reply, but he did file a subsequent habeas petition on January 20, 2021, which, as discussed below, the Court construes as a motion to amend. *See* Dkt. No. 17.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny Anthony's request for habeas relief and motion to amend.

## Legal Standards

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted).

Under the AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see *Adekeye*, 938 F.3d at 682 ("Once state remedies are exhausted, AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); see also *Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam) (describing Section 2244(d) as "impos[ing] two significant restrictions on federal review of a habeas claim ... 'adjudicated on the merits in state court proceedings'").

And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); see also *Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court

4

on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 978 F.3d 933, 940 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* (quoting *Taylor*, 569 U.S. at 380-82; citations omitted).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported,

5

the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the

6

claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation

7

marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on an unreasonable factual determination. … In other words, even if the [state court] had gotten [the disputed] factual determination right, its conclusion wouldn't have changed." *Will*, 978 F.3d at 942.

Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an

opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

### Analysis

Here, though difficult to decipher, the Court agrees with Respondent that Anthony raises three grounds for relief, each essentially arguing that the

9

state trial court erred in revoking his community supervision and adjudicating him guilty. More specifically, Anthony appears to urge: (1) that no rational juror could have found him guilty of the new offenses alleged in the motion to revoke community supervision and adjudicate guilt – specifically case numbers F1854501 and F1854502; (2) that he pleaded "not true" to the allegations in the motion to revoke community supervision and adjudicate guilt and (3) that the two offenses alleged in the motion to revoke community supervision and adjudicate guilt were subsequently dismissed and therefore not true. Thus, each ground for relief appears to turn on an insufficiency-of-the-evidence argument.

### A.  Procedural Default

Anthony did not raise the issue of insufficiency of evidence in a direct appeal of his state convictions; in fact, as best the undersigned can tell, Anthony failed to file a direct appeal at all. "[U]nder Texas law a claim regarding sufficiency of the evidence may be raised on direct appeal but not in a habeas proceeding." *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994) (citing *Ex parte McWilliams*, 634 S.W.2d 815, 818 (Tex. Crim. App. 1980)); *see also West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996) (noting that the CCA has long held that "the sufficiency of the evidence may only be raised on direct appeal, and may not be raised in state habeas" (citations omitted)); *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986). This procedural default in state court is an adequate state procedural ground barring federal habeas

review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-02 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." (citations omitted)). And "[t]he procedural default is adequately established even where, as here, the Texas Court of Criminal Appeals denies relief without stating a reason." *Caldwell v. Thaler*, 770 F.Supp.2d 849, 861 (S.D. Tex. 2011) (citing *West*, 92 F.3d at 1398, n.18; *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004)).

A federal court will not review procedurally barred claims unless the petitioner can demonstrate "(1) cause for the default *and* prejudice as a result of the alleged violation of federal law, or (2) a resulting fundamental miscarriage of justice." *Renz*, 28 F.3d at 432 (citing *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991)).

Anthony fails to make that showing here. He has shown neither that "cause for the default and actual prejudice exist" nor that "failure to consider his claim will result in a miscarriage of justice." *Coleman*, 501 U.S. at 750. Because all three of Anthony's grounds for relief appear to turn on the sufficiency of evidence to support his revocation of community supervision and adjudication of guilt, each should be dismissed as procedurally barred and his habeas petition should be denied.

B.   Merits Review

Alternatively, even were the Court to consider Anthony's grounds for relief here in the first instance, they fail to support habeas relief. To warrant community supervision revocation, the State need only establish by a preponderance of the evidence that a defendant violated the terms of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (citing *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984)). And, under Texas law, community supervision may be revoked for a violation of even a single condition of the community supervision agreement. *See Wade v. State*, 83 S.W.3d 835, 839 (Tex. App.-Texarkana 2002, no pet.) (citations omitted). "All that is required for the revocation of probation is enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions of probation." *United States v. Turner*, 741 F.2d 696, 698 (5th Cir. 1984) (quoting *United States v. Dozier*, 707 F.2d 862, 865 (5th Cir. 1983)). And, "[w]here there is an adequate basis for the district court's discretionary action of revoking probation, the reviewing court need not decide a claim of error as to the other grounds that had been advanced as a cause of revocation." *United States v. McCormick*, 54 F.3d 214, 219 n.3 (5th Cir. 1995) (citing *United States v. Irvin*, 820 F.2d 110, 111 (5th Cir. 1987)).

And, further, according to the United States Supreme Court, the revocation of community supervision passes constitutional muster under the Fourteenth Amendment Due Process Clause if it is not "totally devoid" of

evidentiary support. *Douglas v. Buder*, 412 U.S. 430, 432 (1973) (per curium) (citations omitted).

Anthony's challenge to the revocation decision appears to stem from the fact that he was never found guilty of two of the charges listed in the State's motion to revoke and that he pleaded "not true" to the others. *See* Dkt. No. 3 at 6-7. Even if Anthony was found innocent of the new criminal charges, however, he has failed to show that there was no evidence supporting the other charges – that is, that the decision to revoke was "totally devoid" of evidentiary support. *See Douglas*, 412 U.S. at 432. Because Anthony fails to show that the revocation decision was totally devoid of evidentiary support, he fails to show that federal habeas relief is appropriate here, even were his claims not procedurally defaulted.

In sum, Anthony's grounds for relief are barred by the doctrine of procedural default. Even if they were not, however, they lack substantive merit, as Anthony fails to show that no evidence supported the revocation decision.

### C.   Motion to Amend

On January 20, 2021, Anthony filed a second habeas petition. *See* Dkt. No. 17. The Court, liberally construing this pleading, as it must, treats this second habeas petition as a motion to amend the original habeas petition. *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (noting that the filings of a federal habeas petitioner who is proceeding *pro se* are entitled to

13

the benefit of liberal construction; (citing (*Guidroz v. Lynaugh*, 852 F.2d 832, 835 (5th Cir. 1988); *Lee v. Wiman*, 280 F.2d 257, 264 (5th Cir. 1960))). But, here, the Court should deny leave to amend, because amendment would be futile. *See Sixta v. Quarterman*, Civ. A. No. H-07-0118, 2007 WL 2746951, at *2 (S.D. Tex. Sept. 19, 2007) ("[U]nder Rule 15, this court must grant petitioner's motion to amend unless there is a substantial reason to deny leave to amend. Futility of amendment is one such reason." (citations and internal quotation marks omitted)).

Anthony's proposed amended habeas petition contains four grounds for relief – two of which maintain that no reasonable juror could have found Anthony guilty of the two new charges in the State's motion to revoke his community supervision. *See* Dkt. No. 17 at 6-7. For the reasons already discussed, these claims are procedurally defaulted and substantively meritless, and any amendment to add them would be futile.

But Anthony does appear to assert two new claims in the amended petition, both contending that the state habeas proceedings were tainted because the same judge that presided over the proceedings at the trial level also proceeded over the state habeas proceedings at the trial level. *See id.* at 6-7.

Amendment to add these claims would also be futile. First, a defect in the state habeas proceedings, even assuming there was one, is not an appropriate reason for this Court to grant federal habeas relief. *See Rudd v.*

14

*Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (noting that a "long line of cases from our circuit dictates that infirmities in state habeas proceedings do not constitute grounds for relief in federal court; (citations and internal quotation marks omitted)). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* (citing *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995)).

And Anthony failed to fairly present this claim to the CCA as the highest available state court for review, which means that Anthony has failed to properly exhaust state court remedies as to it. *Campbell v. Dretke*, 117 F.App'x 946, 957 (5th Cir. 2004) ("'The exhaustion requirement is satisfied when the substance of the habeas claim has been fairly presented to the highest state court' so that a state court has had a 'fair opportunity to apply controlling legal principles to the facts bearing on the petitioner's constitutional claim.'" (quoting *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004))); *see* 28 U.S.C. § 2254(b)(1)(A).

This failure to exhaust is another reason for this Court to deny Anthony's motion to amend as futile to the extent he seeks to add claims that have not been fairly presented to the CCA. *See Sixta*, 2007 WL 2746951, at *2 ("Petitioner's motion to amend unexhausted claims is futile because, if granted, it would require this court to dismiss his entire amended petition."); *Sam v. Louisiana*, 409 F. App'x. 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims

15

in the petition are exhausted." (citing *Rhones v. Weber*, 544 U.S. 269, 274 (2005))).

And Anthony has not shown that the limited stay-and-abeyance procedure authorized in *Rhines v. Weber*, 544 U.S. 269 (2005), should be applied here. *See Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) ("When a petitioner brings an unexhausted claim in federal court, stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purpose of delay." But, [b]ecause a stay and abeyance has the potential to 'frustrate[] AEDPA's objective of encouraging finality' and AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'" (citing *Rhines*, 544 U.S. at 277-78; quoting *id.* at 277)); *see, e.g., Spells v. Lee*, No. 11-CV-1680 (KAM)(JMA), 2012 WL 3027865, at *4-*6 (E.D.N.Y. July 23, 2012) (denying motion for leave to amend and to stay to permit exhaustion of IAC claims, concluding "that petitioner has failed to establish good cause, let alone any cause, for failing to exhaust his ineffective assistance of trial counsel claim in state court before filing his habeas petition in federal court"; (citations omitted; emphasis in original)).

16

## Recommendation

The Court should deny Anthony's application for a writ of habeas corpus and his motion for leave to file an amended petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED
DATED: February 8, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE